United States District Court
Southern District of Texas
ENTERED

MAY - 6 2011

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARTE C. GUILLEN and OFELIA GUERRERO, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-09-239 |
| COUNTY OF WILLACY, TEXAS, ET AL. | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

BE IT REMEMBERED, that on May 6, 2011, the court DENIED Plaintiffs' Motion for New Trial. Dkt. No. 30.

### I. Background

Plaintiffs Mark C. Guillen and Ofelia Guerrero filed their Complaint against Willacy County, Texas; the City of Raymondville, Texas; a Texas judge; special prosecutors; and a grand jury foreperson in this civil rights and state-law tort action on October 20, 2009. Dkt. No. 1. They allege that Defendants violated 42 U.S.C. §§ 1983 and 1985(3) when they falsely arrested Plaintiffs and wrongfully charged them with theft of over $250,000.00 from Willacy County, Texas. *See* Compl. ¶ 16, Dkt. No. 1. According to Plaintiffs' complaint, the charges against them were dismissed on October 21, 2008. *Id.* ¶ 19.

On March 10, 2011, this Court granted Defendants' motions under Federal Rule of Civil Procedure 12(b)(6) and dismissed Plaintiffs' federal-law claims because they were filed after the running of the two-year statute of limitations. Dkt. No. 29 at 5–7. This Court applied *Wallace v. Kato*, 549 U.S. 394, 397 (2007), which held that "the 'statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth

1

Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.'" Dkt. No. 29 at 6 (quoting *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008)). After analyzing Plaintiffs' complaint, the court concluded that Plaintiffs allege that they were arrested and detained pursuant to legal process in April of 2007. *See id.* This court also held that, because "Plaintiffs . . . alleged no overt acts of a conspirator within the limitations period," they failed to state a civil conspiracy claim under 42 U.S.C. § 1985(3). *Id.* at 7–8 (citing, *inter alia*, *Helton v. Clements*, 832 F.2d 332 (5th Cir. 1987)). This Court declined to exercise supplemental jurisdiction over Plaintiffs' state-law causes of action and dismissed them without prejudice. *See id.* at 8–9.

Plaintiffs filed the motion for new trial now before the Court on April 6, 2011. Dkt. No. 30. Several of the defendants have responded. Dkt. Nos. 31, 32.

## II. Standard of Review

Plaintiffs style the motion now before the court as one for a "new trial." Federal Rule of Civil Procedure 59(a)(1) governs motions for new trial "after a jury trial" or "after a non-jury trial." This case was resolved on pretrial motions and never tried.

The Court therefore construes Plaintiffs motion for new trial as a motion to alter or amend the judgment under Rule 59(e).[1] *Id.* at 174. A district court "has broad discretion in deciding such motions." *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010) (citing *Templet v. HydroChem, Inc.*, 367 F.3d 473, 482–83 (5th Cir. 2004)). A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th

---

[1] Effective December 1, 2009, the Federal Rules of Civil Procedure were amended to extend the time to file a Rule 59(e) motion from 10 to 28 days.

Cir. 2010) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)); see also, *e.g.*, *Rogers v. KBR Technical Serv. Inc.*, No. 08-20036, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008) (unpublished, per curiam). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008). (quoting *Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607 (5th Cir. 2006)) (internal quotation marks omitted). When based on the alleged discovery of new evidence, a Rule 59(e) motion should be granted "only if '(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.'" *Afton Oaks, LLC*, 597 F.3d at 678 (quoting *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003)).

### III. Discussion

Plaintiffs tender no newly-discovered evidence or argue that new evidence justifies relief from the judgment. Their arguments that this Court committed a manifest error of law in its March 10, 2010, memorandum opinion and order generally repeat the allegations made in their responses to the motions to dismiss. Dkt. Nos. 17, 19. Reiterating a legal argument on which the Court has already ruled, without showing a change in controlling law, does not establish that the court committed a manifest error of law. See *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *McGillivray v. Countrywide Home Loans, Inc.*, 360 F. .Appx. 533, 534 (5th Cir. 2010).

Plaintiffs attempt to distinguish *Wallace* and *Mapes* by arguing that the prosecution in those cases "was for real" unlike this one. Dkt. No. 30 at 4–5. This formulation makes it difficult to understand the distinction Plaintiffs wish to draw. However, Plaintiffs also acknowledge in the instant motion that "the [state] district court had a semblance of legality." *Id.* at 5. Nowhere in their complaint do Plaintiffs aver that the state court which

released them on bond lacked the authority to do so, and this Court has held that they became detained pursuant to legal process when they were released on bond. *See* Dkt. No. 29 at 7. Plaintiffs have not demonstrated that this Court has committed any error of law in this regard.

Plaintiffs also argue that their allegations cannot be "dissected and dealt with in parts." Dkt. No. 30 at 5. Citing no legal authority, they contend that their allegations must be treated as unitary for statute of limitations purposes. This argument could, and should, have been raised in their responses to the motions to dismiss. Plaintiffs effectively ask this Court to overrule *Wallace* and *Helton*, both precedents this Court is bound to respect and follow.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's' Motion for New Trial. Dkt. No. 30.

**IT IS SO ORDERED.**

DONE at Brownsville, Texas, on May 6 2011.

Hilda G. Tagle
United States District Judge